UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL GRISHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:16-cv-234 |
| | ) |
| THE TOWN OF CLARKSVILLE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  NATURE OF COMPLAINT

1. Plaintiff, Paul Grisham, (hereinafter "Grisham"), by counsel, brings this action against Defendant, the Town of Clarksville (hereinafter "Clarksville" or "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

### II.  PARTIES

2. Grisham is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is a local government entity organized under Indiana law located within the geographic boundaries of the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Grisham was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Grisham is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Grisham's disability and/or regarded Grisham as being disabled and/or Grisham had a record of being disabled.

8. Grisham satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Grisham received the required Notice of Sue Rights and timely files this action.

9. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Defendant hired Grisham as a Laborer on or about February 18, 2008. Grisham held this position until his employment was terminated on or about January 6, 2016.

11. Grisham's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. In or about 2008, Grisham was diagnosed with spondylosis of the lumbar region, intervertebral disc degeneration and vascular disease. Grisham had bilateral iliac stents placed in or about October 2015 and regularly receives injections in his back.

13. Despite his disabilities, Grisham continued to effectively perform the job duties associated with his position as a Laborer.

14. On or about December 4, 2015, Grisham was ordered to work on the chipper

truck.

15. Working on the chipper truck was known amongst the Laborers as the hardest manual job, which required Laborers to go in and out of the truck around a hundred times per day and remove branches from the streets to be placed in the chipper truck.

16. Grisham worked twelve days on the chipper truck beginning on December 4, 2015. During this time, Grisham had severe pain in his back and his ankles began to swell as working on the chipper truck exacerbated the symptoms associated with his disabilities.

17. On or about January 4, 2016, Grisham advised Brad Cummings, the Street Department Commissioner, that he was unable to work on the chipper truck without an accommodation. As one possible accommodation, Grisham suggested that he be removed from the chipper truck. There were other assignments Grisham was able to perform within the Street Department that did not exacerbate his symptoms associated with his disabilities. However, after requesting an accommodation, Grisham was sent home.

18. On or about January 5, 2016, Grisham again requested an accommodation; however, Mr. Cummings refused to discuss possible accommodations. As a result, Grisham refused to go on the chipper truck. After Grisham's refusal, Mr. Cummings sent him home again and advised him that it was his "last day."

19. Even though he was advised that the day prior was his "last day," Grisham reported to work the next day on or about January 6, 2016 and asked for an accommodation, such as allowing him to drive the chipper truck, for the third time in order to perform the duties associated with working on the chipper truck. Mr. Cummings refused to discuss possible accommodations, and instead, advised him to "either go on the chipper or be fired."

20.     Fearing that his job was in jeopardy, Grisham went to work on the chipper truck. After working a brief amount of time, Mr. Cummings picked Grisham up from a job and took him back to the office. At that time, Mr. Cummings advised Grisham that his employment was terminated effective January 6, 2016.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

21.     Grisham hereby incorporates by reference paragraphs one (1) through twenty (20) as if the same were set forth at length herein.

22.     Defendant violated Grisham's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by refusing to engage in the interactive process to determine if there was a reasonable accommodation available.

23.     Defendant violated Grisham's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by failing to provide him with a reasonable accommodation and discriminating against him because of his disability when it terminated his employment.

24.     Defendant's actions were intentional, willful and in reckless disregard of Grisham's rights as protected by the ADA.

25.     Grisham has suffered damages as a result of Defendant's actions.

### COUNT II: RETALIATION IN VIOLATION OF THE ADA

26.     Grisham hereby incorporates by reference paragraphs one (1) through twenty-five (25) as if the same were set forth at length herein.

27.     Defendant retaliated against Grisham for having requested an accommodation due

to his disabilities.

28. Defendant's actions violated the anti-retaliation provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

29. Defendant's actions were intentional, malicious, and done with reckless disregard for Grisham's legally protected rights.

30. Grisham suffered damages as a result of Defendant's actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Paul Grisham, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Grisham to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Grisham of front pay in lieu thereof;

2. Compensatory, consequential and emotional distress damages to Grisham;

3. Compensation for Grisham's lost wages and benefits;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages for violations of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

By: /s/ Krista A. Willike
Krista A. Willike, #32550-10
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (502) 561-3444
Email: kwillike@bdlegal.com
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Paul Grisham, by counsel, requests a trial by jury on all issues deemed so triable.

                                          Respectfully submitted,

                                          BIESECKER DUTKANYCH & MACER, LLC

                                          By:   /s/ Andrew Dutkanych
                                          Andrew Dutkanych, #23551-49
                                          101 North Seventh Street
                                          Louisville, Kentucky 40202
                                          Telephone:  (502) 561-3418
                                          Facsimile:   (812) 424-1005
                                          Email: ad@bdlegal.com

                                          By:   /s/ Krista A. Willike
                                          Krista A. Willike, #32550-10
                                          101 North Seventh Street
                                          Louisville, Kentucky 40202
                                          Telephone:  (502) 561-3443
                                          Facsimile:   (502) 561-3444
                                          Email: kwillike@bdlegal.com
                                          *Counsel for Plaintiff*

Date: 12/19/16.